## Henry F. Smith *vs.* The Glens Falls Insurance Company.

In an action upon a policy of insurance, the proofs showed that after the fire, L. the defendants' president came to the place to adjust the loss; that he and H. the agent of the defendants saw W. the party insured, the three ascertained the amount of the loss and adjusted and liquidated the same, and L. promised to send a check or draft to W. for the amount. *Held* that upon this promise a new right of action arose, as upon a new agreement; and that the evidence would have warranted the jury in finding a new agreement, independent of the policy.

*Held, also,* that the case should have been submitted to the jury, on the question of a new promise, express or arising by implication from the liquidation of the amount due for the loss and an admission of indebtedness to that amount; and that the judge erred in taking it from them.

By the present practice, when proof is given sufficient to sustain a cause of action, in substance as stated in the complaint, the court should allow the jury to pass upon the evidence, and amend the pleadings to sustain a verdict, if need be, if no substantial injustice will be done thereby.

APPEAL from a judgment of nonsuit, ordered at the circuit, in an action upon a policy of insurance.

*By the Court*, E. Darwin Smith, J. The circuit judge erred, we think, in taking this case from the jury. There was evidence which would have warranted the jury in finding a new agreement independent of the policy. The defendants' president, Mr. Little, after the fire, came to the place where it occurred, to adjust the loss. The proofs clearly show that he and Hill, the agent of the defendants, went to see Mr. White, the party insured, to ascertain the amount of the loss and adjust the same; that the parties met and liquidated the loss, and Mr. Little promised to send a check or draft to Mr. White for the amount. Upon this promise a new right of action arose, as upon a new agreement. If the complaint had contained a count upon an account stated, the plaintiff would have been entitled to recover, on the proof made, upon such count. The amount was liquidated. Both the witnesses, Hill and Baily, so testified, and that

Mr. Hill promised to pay it. Upon this evidence I think the case should have been submitted to the jury, on the question of a new promise, express or arising by implication from the liquidation of the amount due for the loss and an admission of "indebtedness" to that amount. A new promise should or may be implied in such a case, without proof of any express promise.

The stating of an account is in the nature of a new promise. (*Holmes* v. *D' Camp*, 1 *John*. 34. *Chitty on Contracts*, 648.) It is sufficient to sustain an action upon an account stated to prove that the defendant expressly admitted to the plaintiff that a certain sum was due from him. (1 *Chitty's Pl*. 371.) When proof is given sufficient to sustain a cause of action, in substance as stated in the complaint, it is the practice, now, to allow the jury to pass upon the evidence, and amend the pleadings to sustain a verdict, if need be, if no substantial injustice will be done thereby.

A new trial should therefore be granted, with costs to abide the event.

New trial granted.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]